fendant she did all that was required of her to make a valid change of the beneficiary. She made the persons to whom she was indebted the beneficiaries, and the order could not arbitrarily, under the circumstances, insist that, because of the fact that she did not state the names of those persons, the fund could not be paid to them, through the legal representatives of her estate. If this were so, it would not be an insurance in aid of the member, and would be repugnant to section 3 of the act of incorporation. While it is undoubtedly true, as is urged by the counsel for the heirs, that this fund is exempt from the payment of debts, from seizure under execution, or other legal process for the benefit of creditors, yet where the member herself has provided for its being used to pay her debts, and asks to have it applied in that way, it is not so exempt, as it would not be in aid of the member asking for such disposition. Under the facts as found by the learned justice in the supreme court, I am clearly of the opinion that this fund should be used by the administrators toward the payment of the debts of the deceased. Any other disposition of the fund would be in direct conflict with her expressed direction. It would be an injustice to the dead and an injustice to the living. A decree may be entered directing the distribution of this fund by the administrators toward the payment of the debts due from the estate, with costs against contestants.

Decreed accordingly.

---

(37 Misc. Rep. 542.)

### In re JOHNSON'S ESTATE.

(Surrogate's Court, Kings County. March, 1902.)

TRANSFER TAX—APPRAISAL—REHEARING.

A rehearing will not be granted the state comptroller to review an appraisal for the transfer tax, because the stocks of the estate, having no market value, have been appraised too low, without evidence that on a rehearing an increased valuation will be shown.

In the matter of the estate of Albert L. Johnson. Appeal by the state comptroller from a decree on appraisal fixing the tax on certain legacies. Appeal dismissed.

Edward L. Collier, for appellant.
Samuel B. Clarke, for respondent.

CHURCH, S. This is an appeal on behalf of the comptroller from the decree on appraisal fixing the tax upon certain legacies made by the deceased. It appears that the appraiser had deducted from the various legacies the amount paid under the internal revenue tax. By the recent decision of the court of appeals, it has been held that this is an improper deduction, and to this extent the appeal is sustained; but, of course, it is unnecessary for this purpose to send the matter back to the appraiser for review. The appeal is taken, however, on two other and separate grounds, namely: First, that the appraiser erred in the value which should be placed upon certain shares

of stock of the Lehigh Valley Traction Company owned by the deceased; second, that the appraiser erred in the value placed upon certain shares of stock of the Johnson Company owned by the deceased. The shares of stock of these two companies are not dealt in largely so as to have any quoted or market value, and are held by a few individuals, and simply change hands under private sale between parties having direct knowledge of the value of these corporations. It appears that before the appraiser the statement under oath of the executor in relation to the value of this stock was accepted as true, and the appraisement made upon that basis. Upon the appeal, however, the attorney for the state comptroller has made affidavit that, from some inquiries which he has made, it appears that this stock was worth more money, and asks, therefore, that the matter be sent back to the appraiser for a full hearing upon the subject. It seems to me that in a matter of this kind there should be submitted to me some definite evidence from which I could see that it was probable that upon a rehearing before the appraiser that evidence would be produced that would produce a contrary result, and that there must be some direct and positive fact showing that such evidence can and will be produced. The papers of the state comptroller fail to show that they can produce any evidence that will produce any contrary result. It consists, at the utmost, of some conversation with brokers and others in regard to the valuation of these stocks. Some of these values are given as to what the stock may be worth at some future time if certain expectations are realized, and there is nowhere contained in the appellant's papers a specific fact, or statement of any person competent to judge that this stock is worth one dollar more than the sum for which it has been appraised. I therefore refuse to sustain the appeal upon these latter grounds. Let decree be entered in accordance with these views.

Appeal dismissed.

─────────

(37 Misc. Rep. 536.)

## In re HENSHAW.

(Surrogate's Court, Kings County. March, 1902.)

1. ADMINISTRATION—CREDITORS—CONTINGENT DEBTS.

　　Where a lessor, since deceased, covenants to pay her lessee "for the building remaining on the premises at the expiration of the term," it does not make her a debtor to the lessee until the term has actually expired, and where she dies before that time the court has no authority on the judicial settlement of the accounts of her administrators to require them to retain in their hands the probable amount of their claim under Code Civ. Proc. § 2745, authorizing such act "where an admitted debt of the decedent is not yet due."

2. LEASE—COVENANTS OF LESSOR.

　　A covenant of a lessor to buy, at the termination of the lease, the buildings remaining on the premises, is personal to the lessor, and does not run with the land, nor bind her heirs or legatees.

Proceedings in the matter of the settlement of Cornelia M. Henshaw, executrix of Sarah Gracie, deceased. Decree of distribution entered.